UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA        *    Case No. 15-CR-24(BMC)
                                *
                                *    Brooklyn, New York
                                *    April 15, 2015
      v.                        *
                                *
RUDY NEFTALI PINEDO CARIAS,     *
                                *
              Defendant.        *
                                *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *

              TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
               BEFORE THE HONORABLE JAMES ORENSTEIN
                   UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          HIRAL D. MEHTA, ESQ.
                             Asst. United States Attorney
                             United States Attorney's Office
                             271 Cadman Plaza East
                             Brooklyn, NY 11201


For the Defendant:           LEN H. KAMDANG, ESQ.
                             Federal Defenders of New York
                             One Pierrepont Plaza
                             16th Floor
                             Brooklyn, NY  11201


Certified Interpreter:       MS. MARISTELA VERASTEGUI




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

1        (Proceedings commenced at 3:09 p.m.)

2        (Interpreter previously sworn, interprets proceedings as

3   follows:)

4            THE CLERK:  Criminal cause for pleading, *U.S.A.*

5   *versus Rudy Pinedo Carias*, Docket No. 15 Criminal 24.

6   Counsel, please state your appearances for the record

7   starting with the government.

8            MR. MEHTA:  Good morning, Your -- I'm sorry, good

9   afternoon, Your Honor.  Hiral Mehta, for the United States of

10  America.  I'm joined with Ms. Moore from our -- intern at the

11  office.

12           THE COURT:  Good afternoon to you both.

13           MR. KAMDANG:  Good afternoon, Your Honor.  Len

14  Kamdang on behalf of Rudy Pinedo Carias, who is with me.

15  Also seated at counsel table is Maristela Verastegui, who is

16  a court certified interpreter previously sworn.

17           THE COURT:  Good afternoon to all of you.  Mr.

18  Pinedo, with the assistance of the interpreter, are you able

19  to understand me so far?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  If you have any difficulty

22  understanding me, let me know.  Will you do that, please?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Okay.  And, Mr. Kamdang, I understand

25  your client wishes to enter a plea of guilty to Count 1 of

3

1    the indictment pursuant to an agreement with the government?

2            MR. KAMDANG:  Yes, Your Honor.

3            THE COURT:  All right.  Mr. Pinedo, if you're going

4    to plead guilty to a crime, there's some things I must

5    explain to you and some questions I must ask.  Your answers

6    must be truthful, so I'm going to ask you to stand up for a

7    moment so that you can be sworn in.

8            (The defendant is sworn.)

9            THE COURT:  All right.  Thank you, sir.  Now --

10           THE DEFENDANT:  Thank you.

11           THE COURT:  Now that you're sworn to tell the

12   truth, Mr. Pinedo, it's important that you tell the truth.

13   If you were deliberately to lie in response to any of my

14   questions, you can face additional criminal charges for

15   perjury.  Do you understand that?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  So it's very important that you

18   understand my questions.  If you need me to repeat or explain

19   anything, just let me know.  Will you do that, please?

20           THE DEFENDANT:  Yes.

21           THE COURT:  And if you need time to confer with

22   your attorney, let me know that and I'll give you as much

23   time as you like.  Will you do that, please?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Okay.  Now, I've got a couple of

4

1      documents that appear to have your signature on them.

2      There's a one page referral order and -- or a consent form --

3      and a multiple page document entitled plea agreement.  Could

4      you take a look at both of them and let me know if that is

5      your signature on those documents?

6                  THE DEFENDANT:  Yes, sir.

7                  THE COURT:  Did you read each of those documents or

8      have them translated for you and did you understand them

9      before you signed both of them?

10                 THE DEFENDANT:  Yes, sir.

11                 THE COURT:  All right.  I'll go into each of those

12     documents in a -- in a little more detail in a few moments.

13     But first I want to make sure that you're competent to

14     proceed today.  So tell me, please, how old are you?

15                 THE DEFENDANT:  Forty-four years old, Your Honor.

16                 THE COURT:  How far did you go in school?

17                 THE DEFENDANT:  Intermediate.

18                 THE COURT:  How --

19                 THE DEFENDANT:  Well, it's what they call basic or

20     intermediate.  I reached the third grade.

21                 THE COURT:  Okay.  How old were you when you left

22     school?

23                 THE DEFENDANT:  When I left school?

24                 THE COURT:  About how old?

25                 THE DEFENDANT:  I was about 18 years old when I

5

1     stopped studying.

2                 THE COURT:  I see.  Okay.  Are you now, or have you

3     recently been under the care of a doctor or a psychiatrist

4     for any reason?

5                 THE DEFENDANT:  Was I seen by a them?

6                 THE COURT:  Yes.  Well, are you -- are you

7     receiving any kind of medical or psychiatric care?

8                 THE DEFENDANT:  No.

9                 THE COURT:  Okay.  In the last 24 hours, have you

10    had any pill, or drug, or medicine, or alcohol of any kind?

11                THE DEFENDANT:  No, sir.

12                THE COURT:  Have you ever been hospitalized or

13    treated in any way for addiction or substance abuse problems?

14                THE DEFENDANT:  No, sir.

15                THE COURT:  Is your mind clear right now?

16                THE DEFENDANT:  I'm kind of nervous, but yes.

17                THE COURT:  Okay.  I certainly understand being

18    nervous.  You know, I'm really just trying to figure out if

19    you're having any difficulty understanding what's going on

20    and understanding, you know, what I talk to you about.  Any

21    problems there?

22                THE DEFENDANT:  No, sir.

23                THE COURT:  All right.  And, Mr. Kamdang, have you

24    discussed the guilty plea with your client?

25                MR. KAMDANG:  Yes, Your Honor.

1          THE COURT:  And in your view, does he understand

2     the rights that he would waive by pleading guilty?

3          MR. KAMDANG:  Yes.

4          THE COURT:  Do you have any reason to question your

5     client's competence to proceed today?

6          MR. KAMDANG:  No.

7          THE COURT:  All right.  Now, Mr. Pinedo, what --

8     let's talk first about this one page consent form that you

9     signed.  I want you -- I'm what's known as a magistrate

10    judge.  Your case is assigned to a higher ranking judge named

11    Judge Cogan.

12          The most important difference for today's purpose

13    is that if you are convicted of a crime in this case, it's

14    Judge Cogan, not me, who's going to decide what your sentence

15    should be.  Do you understand that?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  So for that reason, you might prefer to

18    have Judge Cogan listen to your plea in person, and you have

19    the right to do it that way.

20          If that's what you prefer, we'll find a time when

21    Judge Cogan is available and there will be no harm that comes

22    to you for making that decision.  Do you understand that?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Okay.  If you understand that you have

25    that right and you're willing to waive it, I will listen to

7

1    your plea today.  We're making a recording of everything

2    that's being said here, and Judge Cogan will read a

3    transcript of today's proceeding before he decides whether to

4    accept your plea and before he decides what your sentence

5    should be.  Do you understand that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  And are you willing to waive your right

8    to have Judge Cogan conduct today's proceeding and instead

9    proceed before me?

10              THE DEFENDANT:  Yes.  Yes, sir.

11              THE COURT:  Okay.  Is that what you intended by

12    signing this consent form?

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  All right.  Then let's talk next about

15    the charge in the case.  I want to be sure you understand

16    what the government would have to prove to convict you of the

17    offense.

18              The -- Count 1 of the indictment accuses you of a

19    crime described as importation of heroin.  To -- to prove you

20    guilty of that offense, the government would have to prove

21    several facts beyond a reasonable doubt.

22              It would have to prove that you brought something

23    into the United States from a place outside of the United

24    States.  They'd have to prove that the substance you brought

25    in included heroin.  They'd have to prove that you did this,

8

1    you brought this heroin into the United States knowingly and

2    intentionally, and not as the result of some sort of accident

3    or mistake.

4           They'd have to prove that you brought in this

5    heroin within the Eastern District of New York, which is a

6    geographical area that includes Kennedy Airport.  And they'd

7    have to prove that you did so on or near the date mentioned

8    in the indictment, January 10th of this year.

9           Do you understand all that?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  And, Mr. Mehta, have I omitted or

12    misstated any of the essential elements of the offense?

13           MR. MEHTA:  No, Your Honor.

14           THE COURT:  All right.  So, Mr. Pinedo, do you feel

15    that you understand what the government would have to prove

16    to convict you of this offense?

17           THE DEFENDANT:  I'm sorry.  I didn't understand

18    that last part.

19           THE COURT:  All right.  I just went through the

20    different facts that the government would have to prove

21    before you could be found guilty of the offense charged in

22    Count 1.  I just want to make sure you feel that you

23    understand what the government would have to prove to convict

24    you of the offense.  Do you feel that you do?

25           THE DEFENDANT:  Yes, sir.

9

1          THE COURT:  Okay.  Now, you have the right to plead

2   not guilty and make the government prove all of those facts.

3   If you plead not guilty, under our constitution, you'll be

4   entitled to a speedy and public trial by a jury with the

5   assistance of counsel on that charge.  Do you understand

6   that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And since you can't afford private

9   counsel, the Court has appointed Mr. Kamdang to represent you

10  and he will continue to represent you at every stage of this

11  case.

12         If you want a trial, he'll represent you at the

13  trial.  If you're found guilty, he'll represent you at

14  sentencing.  If you want to challenge your conviction on

15  appeal, he'll represent you for that.  And if, for any

16  reason, Mr. Kamdang is unavailable, the Court will appoint

17  another lawyer to continue representing you, again, at no

18  cost to you.  Do you understand that?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Now, at a trial, you would be presumed

21  innocent, and the government would have to overcome that

22  presumption and prove your guilt beyond a reasonable doubt.

23  You would not have to prove your innocense.  If the

24  government failed to prove your guilt beyond a reasonable

25  doubt, the jury would have a duty to find you not guilty.  Do

1    you understand that?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Also at the trial, the government would

4    have to bring its witnesses to court, so that they could

5    testify in your presence.  Your attorney would have the right

6    to cross-examine those witnesses.  He could object to any

7    evidence that the government tried to offer against you.  He

8    could offer evidence in your behalf if he thought that there

9    was evidence that might assist you.  And your lawyer could

10   compel witnesses whom you wish to call to appear at the

11   trial.  Do you understand that?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Also at the trial, you would have the

14   right to testify in your own behalf if you wish to do so, but

15   you couldn't be forced to be a witness at your trial.  And

16   that's because under our constitution, no one can be forced

17   to testify against himself.

18             So if you decided to go to trial, but decided not

19   to testify, the judge would tell the jurors that they must

20   not hold your silence against you when considering their

21   verdict.  Do you understand that?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Now, if you plead guilty and if based

24   on my recommendation the Court accepts that plea, you'll be

25   giving up your right to a trial and these other rights that

11

1    we've been discussing.  There won't be a trial.  You will

2    simply be found guilty on the basis of your plea.  And you

3    won't ever be able to challenge that finding of guilt.  Not

4    in an appeal in this case.  Not in some later legal

5    proceeding.  Not ever.  The question of your guilt will be

6    settled for all time.  Do you understand that?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  You should also understand that if you

9    decide to plead guilty, I'm going to ask you some questions

10   about what you did that makes you think you've committed this

11   offense, because I need to be satisfied that there's a

12   factual basis for your plea.

13             If you decide to answer my questions and tell me

14   that you've committed this crime, you'll be giving up your

15   right not to be a witness against yourself.  Do you

16   understand that?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Are you willing to give up your right

19   to a trial and the other rights that I've been telling you

20   about?

21             THE DEFENDANT:  I'm sorry.  I didn't understand

22   that question.

23             THE COURT:  I'll try again.  I've just got through

24   explaining the rights that you would have to a trial and the

25   various rights that you would have at a trial.  My question

12

1      is whether you are willing to give up your right to a trial

2      and all of these other rights that come with a trial.

3                  THE DEFENDANT:  Yes, sir.

4                  THE COURT:  Okay.  Now, let's turn next to the plea

5      agreement.  It's been marked as Exhibit 1.  I have the

6      original document that you signed up here with me.  Do you

7      have a copy of the document at the table there?

8                  THE DEFENDANT:  Yes, sir.

9                  THE COURT:  Okay.  If, for any reason, you'd like

10     to look at the original document that you signed, just let me

11     know.  I'll bring it down to you.  Okay.

12                 THE DEFENDANT:  Yes, sir.

13                 THE COURT:  Okay.  Now, is this document that you

14     signed -- is it, in fact, your agreement with the government?

15                 THE DEFENDANT:  Yes, sir.

16                 THE COURT:  I'm not going to go through it page by

17     page or paragraph by paragraph, because I don't want to give

18     you the wrong idea that there's any one part of this document

19     that's more important or less important than any other part.

20     As far as I can tell from looking at the document, it's the

21     whole thing that is your agreement with the government.  Is

22     that your understanding as well?

23                 THE DEFENDANT:  Yes, sir.

24                 THE COURT:  Do you think the government has made

25     you any promise that is not written down in this document?

1          THE DEFENDANT:  No, sir.

2          THE COURT:  Okay.  Mr. Kamdang, is that your

3     understanding as well?

4          MR. KAMDANG:  Yes, Your Honor.

5          THE COURT:  And, Mr. Mehta, is it your

6     understanding?

7          MR. MEHTA:  Yes, Your Honor.

8          THE COURT:  All right.  Mr. Pinedo, let's talk next

9     about what could happen at the sentencing.  If you're

10    convicted of the crime charged in Count 1, the Court can

11    sentence you to spend up to 20 years in prison.  Do you

12    understand that?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  There's no minimum prison term.

15    However, if you are sentenced to prison, the Court can also

16    sentence you to a term of supervised release of at least

17    three years and possibly as long as the rest of your life.

18         Now, what that means is upon your release from

19    prison, you would be supervised and you'd have to obey

20    certain conditions.  And if, during that period of

21    supervision from three years up to the rest of your life, if

22    during that time you were to violate any of the conditions of

23    your release, you could be sentenced to spend up to two more

24    years in prison without credit for the time that you had

25    already been in prison and without credit for the time that

14

1      you had already been supervised.  Do you understand that?

2                  THE DEFENDANT:  Yes, sir.

3                  THE COURT:  In addition to prison and supervised

4      release, the Court could sentence you to pay a monetary fine

5      of up to $1 million.  Do you understand that?

6                  THE DEFENDANT:  Yes, sir.

7                  THE COURT:  On top of everything else that I've

8      already told you about, the Court must order you, as part of

9      the sentence, to pay what's called a special assessment in

10     the amount of $100.  Do you understand that?

11                 THE DEFENDANT:  Yes, sir.

12                 THE COURT:  Okay.  And in addition to everything

13     else I've already told you about, you should assume that if

14     you're convicted of the offense charged in Count 1, at some

15     point in the future, possibly after you've served prison

16     time, you will be removed from the United States.  Do you

17     understand that?

18                 THE DEFENDANT:  Yes, sir.

19                 THE COURT:  Okay.  Now, do you feel that you

20     understand what could happen in sentencing?

21                 THE DEFENDANT:  Yes, sir.

22                 THE COURT:  And, Mr. Mehta, have I omitted or

23     misstated any of the sentencing possibilities?

24                 MR. MEHTA:  No, Your Honor.

25                 THE COURT:  All right.  So let's talk next, Mr.

1  Pinedo, about how the judge will go about choosing a

2  sentence.  And the first thing we should talk about in that

3  regard is the federal sentencing guidelines.  Have you

4  discussed those with your attorney?

5        THE DEFENDANT:  Yes, sir.

6        THE COURT:  Okay.  If you're not sure, you know,

7  about what I'm asking, just ask me for clarification.  Okay.

8  I see in the plea agreement that the prosecutor's office has

9  provided its estimate of how the guidelines will be

10  calculated in this case.

11        And I want to be sure that you understand that

12  while the government, I'm sure, tried to be accurate, the

13  estimate that they've provided may be wrong, anything you've

14  gotten from your lawyer on that may be wrong.

15        And that's because the only calculation of the

16  guidelines that's going to count in this case is the one that

17  Judge Cogan will do at the time of your sentencing.  Do you

18  understand that?

19        THE DEFENDANT:  Yes, sir.

20        THE COURT:  Now, the way these guidelines work is

21  they help the judge consider sentencing by coming up with two

22  scores.  The first score measures the seriousness of the

23  offense.  So in a drug case, for example, like this, the

24  amount of drugs involved would affect the score.  Do you

25  understand that?

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  The second score is based on your

3  personal history.  So if you've previously been convicted of

4  an offense, that would affect that second score.  Do you

5  understand that?

6        THE DEFENDANT:  Yes, sir.

7        THE COURT:  With those two numbers, the judge can

8  look up in a table, the box that corresponds to those two

9  scores, and written down inside that box is a range of

10 months.  And that's the recommended sentencing guideline

11 range for the case.  Do you understand how it works?

12        THE DEFENDANT:  Yes, sir.

13        THE COURT:  Now, the judge must consider imposing a

14 sentence within that recommended range, but he could also

15 impose a sentence that's more severe or more lenient.

16        And in making that decision, the judge will have to

17 take into account your background and the circumstances of

18 the offense.  He'll need to consider respect for the law and

19 the need to impose a just punishment on you.  He'll need to

20 consider how best to deter you and others from committing

21 crimes in the future.  And he'll have to consider any need

22 that you may have for effective correctional treatment.

23        And he'll take all of those things into account and

24 impose a sentence that he believes to be fair under all of

25 those circumstances.  Do you understand that?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  To help the judge make that decision,

3    the Probation Department will write a report.  And as they

4    prepare to do so, they'll interview you and you can have your

5    attorney present for that interview.  They'll probably talk

6    to the government as well.  They may talk to others.  And

7    they'll write a report that has information about your

8    background and about what happened in this case.

9           It will have a discussion of the law that applies

10   and it will have a calculation of the sentencing guidelines.

11   And you'll get a chance to read that report and review it

12   with your attorney.  Do you understand that?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Now, you may not like what you see in

15   the report.  You may think it's inaccurate or unfair in some

16   way.  You may think it's got the guidelines wrong.  None of

17   that will be a reason to take back your guilty plea.  Do you

18   understand that?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Now, what you can do, if you think

21   there's a problem with the Probation Department report, is

22   object to it.  Your help -- your lawyer will help you file

23   those objections.  The judge will hear arguments from both

24   sides about the objections and he'll rule on them.  And then

25   he'll listen to what you and your attorney and the prosecutor

1    and possibly others have to say about what the sentence

2    should be.  And then he'll calculate the sentencing

3    guidelines that apply.  And then he'll impose a sentence on

4    you.  Do you understand that -- that process?

5                THE DEFENDANT:  Yes, sir.

6                THE COURT:  Now, at any step along the way in that

7    process, you may think that the judge makes a mistake.  Maybe

8    he acts unfairly or gets a fact or the guidelines wrong.

9    None of that will be a reason to take back your guilty plea.

10   Do you understand that?

11               THE DEFENDANT:  Yes, sir.

12               THE COURT:  Now, normally if the judge were to make

13   a mistake of some sort in sentencing you, you would have the

14   right to challenge the sentence on appeal.  You couldn't

15   challenge the finding of guilt on appeal, because you're

16   pleading guilty.  But you could normally appeal an unlawful

17   sentence.  Do you understand that?

18               THE DEFENDANT:  Yes, I do.

19               THE COURT:  However, I see in your plea agreement

20   and it's on page three in paragraph four, if you want to look

21   for yourself.  It says that as long as the Court imposes a

22   prison term of 63 months or less, you will not challenge the

23   sentence.

24               What that means, I think, is that even if you think

25   the judge acts unlawfully in sentencing you, as long as the

1    result is 63 months or less in prison, you will give up your

2    right to challenge that sentence.

3           So my question is whether it's your intention to

4    give up that part of your right to appeal an unlawful

5    sentence.  Is that your intention?

6           THE DEFENDANT:  I'm sorry.  Is that -- well, yes,

7    sir.

8           THE COURT:  Okay.  Do you have some -- if you're

9    not -- not certain about what I'm asking, I'll be happy to

10   explain it.  Do you want -- do you want me to explain it a

11   little more?

12          MR. KAMDANG:  One moment, Your Honor.

13      (Pause.)

14          MR. KAMDANG:  We're ready to proceed.

15          THE COURT:  Okay.  So do you -- do you need me to

16   explain that last question again?

17          THE DEFENDANT:  No, sir.

18          THE COURT:  All right.  Do you have any questions

19   that you'd like to ask me about the charge in this case,

20   about your rights, about the sentencing possibilities, or

21   anything at all?

22          THE COURT:  No, sir.

23          THE COURT:  I'm going to give you one more

24   opportunity to answer that question.  The reason I do that is

25   people sometimes change their mind about pleading guilty.

20

1    And I just want to be sure that you understand that if you

2    come back later and ask to withdraw your plea, the prosecutor

3    is probably going to argue that you shouldn't be allowed to

4    do so, because today you said you understood what you were

5    doing.  And he'll probably win that argument.

6              So if there's anything that you need to ask about

7    or think about before making the decision to plead guilty,

8    now is the time to do it, because later it may be too late.

9    Do you understand that?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Is there anything at all that you'd

12   like to ask me?

13             THE DEFENDANT:  No, sir.

14             THE COURT:  Do you need more time to think about

15   your decision or to discuss it with your attorney?

16             THE DEFENDANT:  Well, no.  No, sir.

17             THE COURT:  Okay.  Mr. Kamdang, is there any legal

18   reason why your client should not plead guilty?

19             MR. KAMDANG:  No, Your Honor.

20             THE COURT:  Mr. Pinedo, are you satisfied with the

21   legal representation you've received up until now?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Then tell me, please, how do you plead

24   to the charge contained in Count 1 of the indictment accusing

25   you of importation of heroin; guilty or not guilty.

1          THE DEFENDANT:  Guilty, Your Honor.

2          THE COURT:  Are you making this plea of guilty

3    voluntarily and of your own free will?

4          THE DEFENDANT:  Yes.  I do it voluntarily.  Yes.

5          THE COURT:  Has anyone threatened or forced you to

6    plead guilty?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  Aside from the promises that are

9    written down in your plea agreement -- the -- the document

10   you signed -- has anyone made any promise that is causing you

11   to plead guilty?

12         THE DEFENDANT:  No, sir.

13         THE COURT:  Has anyone made any promise that --

14   about what your sentence will be?

15         THE DEFENDANT:  No, sir.

16         THE COURT:  Then tell me, please, in your own words

17   what you did that makes you think you've committed this

18   offense.

19         THE DEFENDANT:  On January 10th of 2015, I was sent

20   from Guatemala to New York.  Like, some people that forced me

21   to bring a substance in my suitcase.  It -- it was illegal

22   drugs.  I didn't know exactly which kind of drugs.  And I was

23   detained at Kennedy Airport at 2:00 a.m.

24         THE COURT:  When you say you were forced to do

25   it -- you know, if you were acting out of coercion, you

22

1    haven't committed an offense.  Did you feel that you had the

2    ability to say no to these people who told you to bring drugs

3    to the United States?

4           MR. KAMDANG:  The Court's indulgence.

5           THE COURT:  Yes.

6       (Pause.)

7           THE DEFENDANT:  They -- they were going to pay me

8    money --

9           THE COURT:  Okay.

10           THE DEFENDANT:  -- to do this.  To -- to bring this

11    substance into -- in here.

12           THE COURT:  Okay.  Did -- did you feel that you had

13    the ability to say no?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  All right.  Mr. Mehta, is there

16    anything further that you'd like to proffer or have elicit?

17           MR. MEHTA:  No, Your Honor.

18           THE COURT:  Do you agree with me that the -- well,

19    let me ask you one question.  I take it the government would

20    be prepared to prove at trial, if required to do so, that the

21    substance that Mr. Pinedo brought into the United States was,

22    in fact, a controlled substance?

23           MR. MEHTA:  Yes, Your Honor.  We have a laboratory

24    report we disclosed to Defense counsel showing that the

25    substance was heroin.

23

1          THE COURT:  Okay.  Mr. Pinedo, I know you say that
2    you didn't know what drugs that you had, but just to clarify.
3    You believed that what you had was drugs, correct?
4          THE DEFENDANT:  Yes, sir.
5          THE COURT:  Okay.  And the government says that
6    they can prove that what you had was, in fact, heroin.  Do
7    you have any reason to doubt that they could prove that
8    beyond a reasonable doubt?
9          THE DEFENDANT:  No, sir.
10         THE COURT:  Okay.  And, Mr. Mehta, do you agree
11   that the defendant's allocution satisfies all of the
12   essential elements of the -- of the offense in Count 1?
13         MR. MEHTA:  Yes, Your Honor.  And I wish to put on
14   the record that John F. Kennedy Airport is the Eastern
15   District of New York.
16         THE COURT:  Of course, yes.  And is there anything
17   further that you think I should discuss with Mr. Pinedo for
18   purposes of Rule 11?
19         MR. MEHTA:  No, Your Honor.
20         THE COURT:  Mr. Kamdang, is there anything further
21   you think I should discuss with your client under Rule 11?
22         MR. KAMDANG:  No, Your Honor.
23         THE COURT:  All right.  Well, based on what I've
24   heard today, I find that Mr. Pinedo is competent to
25   proceed --

1          MR. KAMDANG:  One moment, Your Honor.

2          THE COURT:  Yes.  Go ahead.

3      (Pause.)

4          MR. KAMDANG:  Mr. Pinedo -- Pinedo Carias would

5      just like to put his remorse on the record.

6          THE COURT:  Go ahead, sir.

7          THE DEFENDANT:  I'm just very sorry I did this.

8          THE COURT:  All right.  Thank you for saying that.

9      I know it's a difficult decision and it's a difficult point

10     in your life, and I'm sure it was important to you to say

11     that.  Is there anything else you would like me to hear?

12         THE DEFENDANT:  No, sir.

13         THE COURT:  All right.  Okay.  Well, as I was

14     saying, based on the information I've heard, I find that Mr.

15     Pinedo is competent to proceed.

16             I find that he's acting voluntarily, that his plea

17     did not result from any force, threats, or undisclosed

18     promises.  I find that he fully understands his rights, the

19     potential consequences of his plea, and that there's a

20     factual basis for his plea of guilty.  I, therefore,

21     respectfully recommend that the Court accept Mr. Pinedo's

22     plea of guilty to Count 1 of the indictment.

23             I'll ask all of you to convene before Judge Cogan

24     for a sentencing proceeding on July 17th at 10:00 a.m.  I'm

25     going to return to the government for safekeeping Court

25

1     Exhibit 1, the original plea agreement.

2              Is there anything further for today, folks?

3              MR. MEHTA:  No, Your Honor.

4              MR. KAMDANG:  No, Your Honor.

5              THE COURT:  Okay.  Thank you all.  Have a very good

6     day.

7              MR. KAMDANG:  Thank you.

8           (Proceedings concluded at 3:37 p.m.)

9

10             I, CHRISTINE FIORE, court-approved transcriber and

11    certified electronic reporter and transcriber, certify that

12    the foregoing is a correct transcript from the official

13    electronic sound recording of the proceedings in the above-

14    entitled matter.

15

16    _Christine Fiore_

17    _____        May 20, 2015

18       Christine Fiore, CERT

19          Transcriber

20

21

22

23

24